IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-49-1H
No. 5:19-CV-77-H

SHANEEKA GREEN,
    Petitioner,

v.                           **ORDER**

UNITED STATES OF AMERICA,
    Respondent.

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #58]. Petitioner also filed a motion for permission to file oversized brief, [DE #59]. The government filed a motion to dismiss, [DE #67], to which petitioner responded, [DE #70]. This matter is ripe for adjudication.

## BACKGROUND

On October 3, 2017, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, (Count One). On March 7, 2018, petitioner was sentenced to a total term of imprisonment of 87 months. Petitioner did not appeal.

Defendant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on February 28, 2019, [DE #58], alleging various claims of ineffective assistance of counsel.

Specifically, petitioner contends that counsel rendered ineffective assistance (1) during the plea process and (2) "due to the individual and cumulative impact of multiple deficiencies or errors by counsel during the pretrial and sentencing process."

## **COURT'S DISCUSSION**

### i. Standard of Review

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it

2

has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Further, when challenging a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### ii. Analysis

#### a. Alleged Ineffective Assistance at the Plea

Petitioner contends counsel rendered ineffective assistance by counsel's 1) failure to investigate adequately; 2) failure to "seriously consider" the fact that she did not want to cooperate with the government; 3) failure to advise her she could plead "straight up;" 4) failure to advise her that if she did not cooperate with the government pursuant to the terms of the plea agreement, she would not receive a motion for a downward departure or acceptance of responsibility; and (5) due to counsel's failure to advise regarding pleading straight up, her guilty plea pursuant

3

to a written memorandum of plea agreement was not a voluntary and intelligent choice. [DE #58 at 11-13].

The government contends, and this court agrees, petitioner's first argument that counsel was ineffective for failing to conduct an investigation is vague and conclusory as she does not specify what should have been investigated.

As to petitioner's fourth argument that she was not properly advised of her need to cooperate under the plea agreement, she has not alleged facts to show counsel's performance fell below the standard of reasonably effective assistance. Petitioner contends due to counsel's ineffective assistance, she entered into a plea agreement requiring her cooperation, which she did not give, resulting in her loss of a point for acceptance of responsibility and her loss of the opportunity to receive a motion for downward departure pursuant to USSG § 5K1.1. [DE #58 at 11-12]. She contends the plea agreement was not of benefit to her as it did not affect the calculation of the guideline range. [DE #58 at 11 citing DE #42 PSR at ¶ 62]. However, her plea agreement provided that she agreed to be debriefed by the government. The agreement further provided the government would make known to the court at sentencing the full extent of petitioner's cooperation but would not promise to move for a downward departure pursuant to USSG § 5K1.1. The plea agreement also provided that the government would not be bound to recommend the three-point reduction for acceptance

4

of responsibility if her conduct changed prior to sentencing. Her plea agreement was accepted by the United States Magistrate Judge as knowingly and voluntarily entered. Therefore, she has not alleged facts to support her claim that she was not advised of her need to cooperate with the government under the terms of the plea agreement.

As to petitioner's second, third, and fifth arguments regarding her cooperation and the impact of failure to cooperate under the terms of the plea agreement, the government further argues, and this court agrees, petitioner has not alleged facts to show prejudice. She contends but-for the advice of counsel, she would have plead guilty "straight up," accepting responsibility and receiving three points for acceptance of responsibility in her presentence investigation report ("PSR"). [DE #58 at 13].

Specifically, "[a]lthough [s]he claims that [s]he would have pleaded guilty without a written agreement, this does not meet the standard of showing that '[s]he would not have pleaded guilty and would have insisted on going to trial" or that it would have been reasonable for her to do so. Carmichael v. United States, No. 5:08-CR-229-FL-2, 2014 WL 495437, at *5 (E.D.N.C. Feb. 6, 2014) (citing Hill, 474 U.S. at 5). As stated by the government, by pleading guilty pursuant to the plea agreement she entered into, [DE #38], petitioner gained the benefit of additional concessions by the government that she otherwise would not have received if

5

she had pleaded "straight up." [DE #68 at 7]. Petitioner's statutory penalties pursuant to the offense of the indictment included a statutory range of 5 to 40 years, and her statutory penalties pursuant to the terms of the plea agreement were reduced to a range of 0 to 20 years. Additionally, the parties stipulated to a drug quantity in the plea agreement for the purpose of calculating a base offense level.

Petitioner has not shown facts to support ineffective assistance and therefore, this argument is without merit.

### b. Alleged Ineffective Assistance at Sentencing

Petitioner additionally argues counsel did not move for a reduction due to her minor role and did not move for a downward departure due to her role in the offense being less culpable than her husband. [DE #58 at 14-15]. However, petitioner herself notes that defense counsel asked for a variance, specifically requesting a sentence of 50 months based on specific factors in her case.

Petitioner has failed to allege facts to show deficient performance, as counsel requested a variance. Neither does she allege prejudice, specifically, that, she would have received a more lenient sentence. See e.g., Roberson v. United States, No. 5:07-CR-314-FL, 2011 WL 5101573, at *2 (E.D.N.C. Oct. 26, 2011) (citing Glover v. United States, 531 U.S. 198, 202-04 (2001)) (with regard to ineffectiveness in the context of sentencing, "to

6

demonstrate prejudice petitioner must show a reasonable probability that [s]he would have received a more lenient sentence."). [DE #68 at 7].

Petitioner has not alleged facts to support ineffective assistance of counsel, and therefore, this argument is without merit.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #67], is hereby GRANTED, and petitioner's motion to vacate, [DE #58], is hereby DISMISSED. The motion for permission to file oversized brief, [DE #59], is hereby GRANTED. Petitioner's request for appointment of counsel is denied as moot. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find

this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 27th day of May 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35